

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHYJUAN CLAYTON, INDIVIDUALLY, AND
ON BEHALF OF ALL HEIRS-AT-LAW AND
WRONGFUL DEATH BENEFICIARIES OF
DOMINIQUE CLAYTON, DECEASED AND THE
ESTATE OF DOMINIQUE CLAYTON, DECEASED                     PLAINTIFFS

v.                                  Civil Action No.: 3:21cv174-NBB-RP

CITY OF OXFORD, MISSISSIPPI, POLICE CHIEF
JEFF MCCUTCHEN, IN HIS INDIIVDUAL AND OFFICIAL
CAPACITIES AND FORMER POLICE OFFICER MATTHEW
KINNE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES
AND JOHN AND JANE DOES 1-10                               DEFENDANTS

---

**COMPLAINT**
(Jury Trial Demanded)

COME NOW, Plaintiffs Shyjuan Clayton, Individually and On Behalf of All Heirs-At-Law and Wrongful Death Beneficiaries of Dominique Clayton, Deceased and The Estate of Dominique Clayton, by counsel, and file this their *Complaint* against the City of Oxford, Police Chief Jeff McCutchen, in his individual and official capacities, and Former Police Officer Matthew Kinne, in his individual and official capacities, to recover actual and punitive damages (against the individually named Defendants) for the Defendants' intentional violation of the decedent's Fourth (4th) and Fourteenth (14th) Amendment rights to be free from excessive force, made actionable pursuant to 42 U.S.C. §1983, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from city law enforcement evincing reckless disregard for the decedent made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to-wit:

1

## PARTIES

1. Plaintiff Shyjuan Clayton is an adult resident citizen of Lafayette County, residing at 1009 Suncrest Drive, Oxford, MS 38655. She brings suit on behalf of Dominique Clayton, deceased for the intentional/negligent actions that caused her death.

2. Defendant City of Oxford ("City") is a governmental entity that may be served with process upon Ashley Atkinson, City Clerk, located at 107 Courthouse Square, Oxford, MS 38655. As part of its function, City of Oxford operates the Oxford Police Department ("OPD"). In this capacity, its' employee who was involved in the incident at issue is named in the Complaint.

3. Defendant Police Chief Jeff McCutchen ("Chief McCutchen") is an adult resident citizen of Lafayette County, employed by the City of Oxford, and he may be served with process at his place of employment, OPD, located at 715 Molly Barr Road, Oxford, MS 38655.

4. Former Police Officer Matthew Kinne ("Kinne") is an adult resident citizen of the State of Mississippi, currently housed as an inmate in the Union County Jail. He may be served with process at the Union County Jail, located at 300 Carter Avenue, New Albany, MS 38652.

5. Defendants John and Janes Does 1-10, whose identities are unknown to the Plaintiffs at this time, are upon information and belief, are employees of the City of Oxford. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Janes Does 1-10. Said John and Janes Does 1-10, when their identities are known, will be named and joined in this action, if necessary, pursuant to Federal Rules of Civil Procedure.

## JURISDICTION and VENUE

6. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and §2202 as this case involves a Federal Question based on Decedent's protected rights under the U.S. Constitution particularly the 4th and 14th Amendments and 42 U.S.C. §1983, §1988. Plaintiff further invokes the supplement jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act and the Mississippi Wrongful Death Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law claims of negligence and intentional torts.

7. Venue is proper in the Northern District of Mississippi, pursuant 28 U.S.C. §1391(b) since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interest and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## STATEMENTS

8. During the early hours of May 19, 2019 Defendant Matthew Kinne (former Police Officer for City of Oxford) acting under color of law, conducted a welfare check on Decedent Dominique Clayton. For reasons unbeknownst to Plaintiff at this time, Defendant Kinne took the life of Decedent Clayton, firing a single round into her head. Decedent Clayton remained in her home until she was discovered deceased by her 8-yearold son that afternoon. This act violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

## FACTS

9. At all times relevant, Defendant Officer Kinne, a married man and father of two, was a peace officer for the Oxford Police Department.

10. Plaintiff is informed and believes, and thereon alleges that prior to Defendant Officer Kinne joining the OPD, Officer Kinne was employed at another law enforcement agency within the State of Mississippi.

11. Plaintiff is informed and believes, and thereon alleges that during Defendant Officer Kinne's employment with his former employer, Defendant Kinne's then-wife died of from suspicious circumstances.

12. Plaintiff is informed and believes, and thereon alleges that, initially Defendant Officer Kinne was identified as a person of interest in the death of his then-wife.

13. Plaintiff is informed and believes, and thereon alleges that, ultimately, it was determined that Defendant Officer Kinne's then-wife died of "suicide."

14. Plaintiff is informed and believes, and thereon alleges that, although Defendant Officer Kinne was not formally charged with the murder of his then-wife, the law enforcement agency who employed Defendant Officer Kinne conducted an internal investigation, and informed Kinne that based upon their findings if he did not resign, his employment what this law enforcement agency would be terminated.

15. Plaintiff is informed and believes, and thereon alleges that, following Defendant Officer Kinne's forced resignation with this law enforcement agency, he applied for a position as a police officer with the OPD.

16. Plaintiff is informed and believes, and thereon alleges that, in addition, Defendant Officer Kinne re-married and eventually had two children with his current wife.

17. Plaintiff is informed and believes, and thereon alleges that the OPD, under the control of the City of Oxford, during its review of Defendant Officer Kinne's application, the OPD received his personnel file from his former law enforcement agency.

18. Plaintiff is informed and believes, and thereon alleges that, during their review of Defendant Officer Kinne's personnel file, the OPD had become aware that he was forced to resign from his previous employer, based upon its investigation and determinations pertaining to the suspicious death of Defendant Officer Kinne's then-wife.

19. Plaintiff is informed and believes, and thereon alleges that, despite being aware of the fact that Defendant Officer Kinne would likely violate the constitutional rights of another person, based upon the information included in his personnel file, Defendants Chief Mucutchem and the City authorized the hiring of Defendant Officer Kinne.

20. Plaintiff is informed and believes, and thereon alleges that, during Defendant Officer Kinne's employment with the OPD he was described as introverted, he made very few friends, and often kept to himself.

21. Plaintiff is informed and believes, and thereon alleges that, at some point during his employment with OPD, Officer Kinne met Decedent Dominique Clayton.

22. Plaintiff is informed and believes, and thereon alleges that Defendant Officer Kinne and Decedent Clayton eventually became involved in an extramarital affair.

23. Plaintiff is informed and believes, and thereon alleges that as the affair continued on, Defendant Officer Kinne and Decedent Clayton's romantic relationship had become more and more serious.

24. Plaintiff is informed and believes, and thereon alleges that at some point during the relationship Decedent Clayton began to demand that Defendant Officer Kinne fully commit to her.

25. Plaintiff is informed and believes, and thereon alleges that, although Defendant Officer Kinne shared these mutual feelings, he was unable to do so because he could not leave his family.

26. Plaintiff is informed and believes, and thereon alleges that Defendant Officer Kinne's unwillingness to fully commit to Decedent Clayton was very difficult for her, often causing her to have emotional swings ranging from anger to great sorrow.

27. Plaintiff is informed and believes, and thereon alleges that on the evening of May 18, 2019, while Defendant Officer Kinne was patrolling the town square, he encountered Decedent Clayton as she was leaving a bar.

28. Plaintiff is informed and believes, and thereon alleges that during this encounter, he and Decedent Clayton had engaged in an argument over their relationship.

29. Plaintiff is informed and believes, and thereon alleges that Defendant Officer Kinne's wife had become suspicious that he may be engaged in an extramarital affair.

30. Plaintiff is informed and believes, and thereon alleges that Defendant Officer Kinne offered to escort Defendant to her vehicle, which she accepted.

31. Plaintiff is informed and believes, and thereon alleges that Decedent Clayton was very upset and very sad following her encounter with Defendant Officer Kinne.

32. Plaintiff is informed and believes, and thereon alleges that Defendant Officer Kinne stayed on the phone with Decedent Clayton during her drive to her home, and after she made it inside.

33. Plaintiff is informed and believes, and thereon alleges that Officer Kinne, who was not at the OPD horse barn, became concerned as Decedent Clayton became unresponsive during their call.

34. Plaintiff is informed and believes, and thereon alleges that due to Defendant Officer Kinne's concern, he decided to due a welfare check to make sure she was ok.

35. Plaintiff is informed and believes, and thereon alleges that in or around the early hours of May 19, 2019, Defendant Officer Kinne drove to Decedent's residence in his OPD squad car, dressed in his uniform.

36. Upon arriving at Decedent Clayton's home, Defendant Officer Kinne pulled into her driveway.

37. Plaintiff is informed and believes and thereon alleges that a neighbor of Decedent Clayton who was outside having a smoke at the time, witnessed Defendant Officer Kinne pull up in his squad car and in uniform, and on that basis believed that Defendant Officer Kinne was visiting the residence on official police business.

38. Plaintiff is informed and believes and thereon alleges that by Defendant Officer Kinne inconspicuously arriving at Decedent's home in uniform and in his squad car, he did intend to portray to the public that he was acting in his official capacity as an OPD Officer.

39. Plaintiff is informed and believes and thereon alleges that Defendant Officer Kinne entered into Decedent Clayton's home through an unlocked side door, for the purpose of effectuating a welfare check.

40. Plaintiff is informed and believes and thereon alleges that Decedent had simply fallen asleep.

41. Plaintiff does not have facts sufficient at this time as to describe the interaction between Decedent Clayton and Defendant Officer Kinne during the time in which he entered into her home.

42. Plaintiff is informed and believes and thereon alleges that Defendant Kinne briefly exited Decedent Clayton's home and moved his squad car from her driveway.

43. Plaintiff is informed and believes and thereon alleges that eventually Officer Kinne returned back inside.

44. Plaintiff is informed and believes and thereon alleges that because Officer Kinne was still dressed in his uniform and portraying to the public that he was not an intruder but instead engaged in lawful police activity, permitting him to enter into the home without causing the neighbor to draw any suspicions.

45. Plaintiff does not have facts sufficient at this time as to describe the interaction between Decedent Clayton and Defendant Officer Kinne upon him returning back inside her home.

46. Plaintiff is informed and believes and thereon alleges that for reasons unknown, Defendant Officer Kinne fired a single shot to Decedent Clayton's head, taking her life.

47. Plaintiff is informed and believes and thereon alleges that Defendant Kinne returned back to the OPD horse barn following the shooting.

48. At approximately 1:00 or 2:00 pm later that day (May 19, 2019), Clayton was discovered deceased by her 8-year old son, Jadarious Clayton.

49. Plaintiff is informed and believes and thereon alleges that similar to Defendant Officer Kinne's former wife's suspicious death, Defendant Officer Kinne and his supporters, including but not limited to Officer Darren Gibbs, began to spread the story that Decedent's death was a a suicide.

50. At all relevant times, the individual Defendants were working in their official capacities.

51. At all relevant times, Defendant Chief McCutchen was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the aforementioned police officer.

52. The resulting injuries and wrongful death sustained by Decedent Clayton were caused solely by the Defendants, in violation of Decedent Clayton's Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Decedent Clayton contributing thereto. A Notice of Claim was timely filed with all Defendants.

## FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. §1983)

53. Plaintiffs hereby repeat and re-allege each and every allegation in paragraph 1 through 53, inclusive, as if fully set forth herein.

54. Defendant Officer Kinne, while acting under the color of law, used excessive physical force when he shot Decedent Clayton in the back of the head. This act was unconstitutional in violation of Decedent Clayton's 4th and 14th Amendment Rights and objectively unreasonable.

55. Force is excessive, and therefore violates the 4th Amendment, if it is not reasonable considering the circumstances facing the officer. See *Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that at the time of the shooting Defendant Officer Kinne was acting under the color of law, and his act of shooting Decedent Clayton was excessive and unreasonable.

56. As a result, Decedent Clayton suffered serious injuries, pain and suffering, loss of enjoyment of life and ultimately a wrongful death entitling Plaintiffs to damages and punitive damages.

## SECOND CAUSE OF ACTION
### (Negligent Training, Supervision and Retention as to Defendant City of Oxford and Chief McCutchen)

57. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 56, inclusive, as if fully set forth herein.

58. At all relevant times, Defendant City and Defendant Chief McCutchen had a duty to screen applicants for hire to its Police Department, retention to its Police Department or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics which made the individual applicant unsuitable, unstable, or conflicted such employment.

59. At all relevant times, it was the duty of Defendant City and Defendant Chief McCutchen to sufficiently hire, train and retain personnel within the Police Department and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, police officers, police department employees and/or personnel.

60. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. See *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

61. Upon information and belief, Officer Kinne was improperly trained, supervised and retained by Defendants City of Oxford and Chief McCutchen. Furthermore, Kinne had prior histories of using excessive force which Defendant City of Oxford and Chief McCutchen knew or should have known.

62. Upon information and belief, based upon the City's knowledge, through its agents, that Defendant Officer Kinne was forced to resign from a previous law enforcement agency as a result of an investigation conducted by that agency related to the suspicious death of his then-wife, the City was fully aware that there was the likelihood that Defendant Officer Kinne would violate the constitutional rights of another at the time of his hiring.

63. As a result of the Defendants' negligence in its training, supervisory and retention of Officer Kinne, Decedent Clayton was caused to suffer grave injuries that led to her death, without fault or contribution by her. See *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

64. At the time Officers Kinne killed Decedent Clayton, he was acting pursuant to an official City policy, practice, custom and procedure overlooking and/or authorizing police Officer's excessive use of force and unlawful seizure. See *Monell v. New York County Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

### THIRD CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

65. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 64, inclusive, as if fully set forth herein.

66. Upon information and belief, Chief McCutchen, was assigned to supervise and control the actions of the named City of OPD employees including Officer Kinne.

67. This Defendant violated his supervisory duties by failing to ensure that Officer Kinne was properly supervised and controlled to do his job. This supervisory official violated §1983's requirements.

68. This failure was a direct cause of Plaintiffs' injuries.

69. Further, the City may be held liable for its failure to train a single officer when the policymakers know about the pattern of unconstitutional misconduct and the Officer's acts were so egregious that the City should have had clear warning that the particular Officer posed a danger to citizens. See *Pineda v. County of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

70. With respect to Defendant Officer Kinne, the need for additional or different training was necessary considering the circumstance of this incident. Defendant City knew that Defendant Officer Kinne was likely to engage in other acts of wrongful conduct, yet Defendant City continuously failed to discipline, supervise, or train Defendant Officer Kinne.

71. Considering the substantial risks posed by Defendant Officer Kinne, Defendant City's failure to train him constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

## FOURTH CAUSE OF ACTION
### (Failure to Intervene – Defendant Chief McCutchen and John and Jane Does 1-10)

72. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1-71, inclusive, as if fully set forth herein.

73. At all material times, Officer Kinne was acting under color of state law as an agent and employee of Defendant City. Officer Kinne wore his official OPD uniform and was acting

within the course and scope of his duty as an employee of the City of Oxford at all times relevant to this cause of action.

74. Plaintiffs assert Defendant Chief McCutchen and Defendant Officers John Doe and Jane Doe 1-10 violated their federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and their Substantive Due Process rights by failing to intervene as companion Officers and supervisor.

75. Officers have a duty to protect individuals from constitutional violations by fellow Officers. Therefore, an Officer who witnesses a fellow Officer violating an individual's constitutional rights is liable to Decedent Clayton for failing to intervene.

76. Defendant Chief McCutchen and Defendant Officers John Doe and Jane Doe 1-10 failed to protect Decedent Clayton from a danger they proactively created and aggravated due to the fact that they had reason to know that Officer Kinne had a history of misconduct.

77. Defendant Chief McCutchen and Defendant Officers John Doe and Jane Doe 1-10 also shared a law enforcement association where each respectively understood the policies and procedures regarding officer conduct and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

78. As a direct and proximate cause of Defendant Chief McCutchen and Defendant Officers' John Doe and Jane Doe 1-10 actions and inactions, Decedent Clayton lost her life and Plaintiffs have suffered injury.

### FIFTH CAUSE OF ACTION
**(Negligence of Defendant Officer Kinne)**

79. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 78, inclusive, as if fully set forth herein.

80. Defendant Officer Kinne negligently failed to provide for the safety, security, and protection of Decedent Clayton by failing to comply with the City's own rules of conduct as it related to use of force.

## SIXTH CAUSE OF ACTION
### (Mississippi Tort Claims Act – Reckless Disregard)

81. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1-80, inclusive, as if fully set forth herein.

82. Miss. Code Ann §11-46-9(1)(c) provides that a governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim…..*(c) arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.*

83. Defendant Officer Kinne, in the course and scope of his employment, shot and killed Decedent Clayton while in her home. This act evidenced a reckless disregard for the safety and well-being of Decedent Clayton.

84. Decedent Clayton was not engaged in criminal activity at the time of her injury

## SEVENTH CAUSE OF ACTION
### (Wrongful Death under Mississippi State Law)

85. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 84, inclusive, as if fully set forth herein.

86. The Defendants' wrongful acts of attacking and shooting Decedent Clayton caused her death.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiffs respectfully pray for the judgment against all Defendants, including compensatory damages, punitive damages against the individually named Defendants, any and all damages allowed by State and Federal

law including attorney's fees under 42 U.S.C. §1988, pre-judgment interest, post-judgment interest, attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

This, the Fifth day of August, 2021.

                                        **SHYJUAN CLAYTON, et al., Plaintiffs**

**By:**   /s/ Carlos E. Moore   *Carlos E. Moore*
            **Carlos E. Moore, MSB# 100685**
            **James A. Bryant, CSB# 255652**
            **Michael S. Carr, MSB #102138**

OF COUNSEL:

**THE COCHRAN FIRM – MS Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

**THE COCHRAN FIRM – CALIFORNIA**
**Pro Hac Vice Application - Pending**
4929 Wilshire Blvd. Suite 1010
Los Angeles, CA 90010
323-435-8205 – Phone
310-805-3829
Email: jbryant@cochranfirm.com

**CARR LAW FIRM, PLLC**
301 W. Sunflower Rd, Suite D
PO Box 1749
Cleveland, MS 38732
662-441-1529 – phone
662-441-1530 – fax
Email: mcarr@carrlawpllc.com