IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHYJUAN CLAYTON, ET AL.**                                                                    **PLAINTIFFS**

**VS.**                                                   **No. 3:21-cv-00174-GHD-JMV**

**CITY OF OXFORD, MISSISSIPPI; ET AL.**                                  **DEFENDANTS**

<u>**ORDER DENYING MOTION
TO DISQUALIFY COUNSEL**</u>

Plaintiffs Shyjuan Clayton and the Estate of Dominique Clayton ("Plaintiffs") filed this civil rights action against the City of Oxford ("Oxford"), Chief Jeff McCutchen, and Matthew Kinne on August 5, 2021.[1] Before the Court is Defendant City of Oxford's motion to disqualify counsel under Local Rule 83.1(d)(7)(E) [16].[2] The Court has considered the submissions of the parties, the record, and the applicable law and finds, for the reasons that follow, the motion should be denied.

Oxford requests that the Court disqualify Attorney James A. Bryant, a nonresident attorney, "for making an unauthorized appearance in this case in violation of the Local Rules." Specifically, Oxford charges that "[w]ithout being licensed in Mississippi or admitted *pro hac vice*," Mr. Bryant has made the following unauthorized appearances: (1) his name and contact

---

[1] This case was reassigned to undersigned U.S. Magistrate Judge on August 27, 2021.

[2] Rule 83.1(d)(7)(E) provides:

> (7) Standards for Admission. The court has discretion whether to grant applications for admission pro hac vice and to set the terms and conditions of admission. An application ordinarily should be granted unless the court finds reasons to believe that:
> . . .
> (E) the applicant had, before the application, filed or appeared in the federal court without having secured approval under these rules.

The Court notes that though Oxford has filed its motion pursuant to the local rule, it makes references in its briefing to unauthorized appearances under Mississippi law. The undersigned finds Oxford has failed to establish an unauthorized appearance under Mississippi law, however.

information appear on the complaint that was filed on behalf of the alleged wrongful death beneficiaries of Dominique Clayton and (2) he "participated in a press conference after the lawsuit was filed" during "which he made clear that he was representing and had been representing the plaintiffs in this case." Oxford also points out that though the complaint states that Mr. Bryant's *pro hac vice* application was "pending," that statement was not true at the time because the application had not yet been filed. According to Oxford, the local rule requires that Mr. Bryant's *pro hac vice* application be denied because he did not secure admission before he "filed" or "appeared" in this case.

Plaintiff retorts that Oxford is relying on an outdated version of the local rule and that the current version does not make disqualification mandatory under the facts of this case. Plaintiff further argues that though Mr. Bryant's name appears on the complaint, he did not sign the document and it is apparent that he intended to file an application for *pro hac vice* admission. Additionally, Plaintiff contends Mr. Bryant has not made any appearances at any court proceedings in this case and has signed no documents herein. Ultimately, Plaintiff charges that Oxford's motion has been filed in bad faith. By its reply, Oxford admits to citing the old local rule but essentially argues there has been no substantive change to it.

First, it is extremely important to express that the Court is well aware of its duty to ensure the orderly and efficient progression of proceedings before it and that enforcing the local rules is a vital part of that duty. Therefore, the Court has no qualms about enforcing the rules by imposing appropriate sanctions when necessary. However, the Court finds the sanction of disqualification of counsel is simply not warranted under the facts of this case. The general rule governing legal practice before this Court is found in Local Rule 83.1(d)(2), which provides that a nonresident attorney must either be a member of the Mississippi Bar who is admitted to

practice before the Mississippi Supreme Court or be admitted pro hac vice. Here, while it is true Mr. Bryant's name appears on the complaint and the same technically constitutes an unauthorized appearance under Mississippi law, he did not sign the document.[3] And, while the complaint incorrectly indicates Mr. Bryant's *pro hac vice* application was pending at the time of the filing of the complaint, the Court does not find the misrepresentation evinced an intent to deceive the Court regarding counsel's status at that time.

Next, as relates to the press conference, Oxford has presented no authority in support of the suggestion that appearing at a press conference in a public square constitutes an "appearance" in a court proceeding. *But see In re Williamson*, 838 So.2d 226, 235 (Miss. 2002) ("A foreign attorney may further make an appearance in a Mississippi court by physically appearing at a docket call, a trial, a hearing, any proceeding in open court, at a deposition, at an arbitration or mediation proceeding, or any other *proceeding* in which the attorney announces that he or she represents a party to the lawsuit or is introduced to the court as a representative of the party to the lawsuit."). Finally, local counsel for Plaintiff filed Mr. Bryant's *pro hac vice* application [20] on August 27, 2021, and the record reveals no other "appearances" or filings by Mr. Bryant in this case.[4] Ultimately, while Mr. Bryant's allowing his name to appear on the complaint technically constituted an unauthorized appearance under Mississippi law, the undersigned finds the penalty of disqualification would be disproportionate to the violation in this case, where the objecting party essentially waived the violation.[5] Based on the foregoing, Oxford's motion for

---

[3] The fact that Mr. Bryant did not actually sign the complaint distinguishes this case from *Reech v. Sullivan*, No. 3:18cv35-HSO-LRA, 2018 WL 1698303, at *1-2 (S.D. Miss. Apr. 5, 2018), where the nonresident attorney's name together with his electronic signature appeared on the complaint.

[4] Again, *Reech* is distinguishable because the nonresident attorney in that case "executed documents intended to be used in [the] litigation" and which constituted "additional unauthorized acts . . . made in furtherance of . . . [the] complaint. *Reech*, 2018 WL 1698303, at *1 and 2.

[5] *See Reech*, *supra*, at *3 ("Motions to be admitted *pro hac vice* are normally granted in . . . cases [where attorneys

disqualification of counsel is denied. *See Isom v. Valley Forge Insurance Company*, 716 F. App'x 280, 288 (5th Cir. 2017) (explaining that "district courts 'enjoy broad discretion to determine who may practice before them.'") (citation omitted).

This 7th day of October, 2021.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

file the complaint with their names listed and noting that a motion to be admitted will be filed], but only because no party objects; the rule is considered waived."). On the morning (11:25 a.m.) of August 9, over two weeks before it filed the instant motion, Oxford filed an "unopposed" motion [7] for a 40-day extension of time in which to respond to the complaint. In that motion, Oxford stated that it had contacted Plaintiffs' counsel Carlos Moore and secured a representation that the motion could be filed as unopposed. The Court further notes that in email correspondence later that day (3:56 p.m.), counsel for Oxford wrote that he had "previously explained that . . . [his] folks . . . [were] disturbed by . . . misrepresentations . . . made at the press conference . . . [by] Attorney Bryant" and referenced an "attached disqualification order." Indeed, in its reply brief [34], Oxford states that "even after the improper press conference, Defendant did not immediately move to disqualify Attorney Bryant." Based on this, it appears to the Court that the only violation in this case, Mr. Bryant's name appearing on the complaint, has been waived by Oxford's conduct. And Oxford can hardly claim it will be prejudiced with respect to alleged misrepresentations made by Mr. Bryant during the press conference because it has raised that issue by a separate motion to dismiss [28], which is currently pending before the district judge.