IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHYJUAN CLAYTON; ET AL.                                                                 PLAINTIFFS

VS.                                                                            No. 3:21-cv-00174-GHD-JMV

CITY OF OXFORD, MISSISSIPPI; ET AL.                                                   DEFENDANTS

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MATTHEW KINNE

Presently before the Court is the Plaintiff's motion for default judgment against the Defendant Matthew Kinne [50]. Upon due consideration, the Court finds that the motion should be granted as to the Defendant Kinne and that this matter shall proceed to a hearing to determine the appropriate amount of damages to be awarded against Kinne in favor of the Plaintiff. The Plaintiff's claims against the other Defendants, including regarding those Defendants' potential liability, is not affected by this Order.

On August 5, 2021, the Plaintiff filed their Complaint against the Defendants, asserting claims pursuant to 42 U.S.C. § 1983 and state law in connection with the Decedent Dominique Clayton's death on May 19, 2019 [1]. On September 9, 2021, the Defendant Kinne, who is presently incarcerated, was served with process, but has failed to plead or otherwise defend this action on his behalf [33]. On October 13, 2021, the Clerk of Court entered an Entry of Default against Kinne [42]. The Plaintiff has now filed the present Motion for Default Judgment, to which the Defendant Kinne has failed to respond.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment."

*Chevron Intell. Prop., L.L.C. v. Mashiana,* No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)). The Plaintiffs have satisfied these requirements in relation to the Defendant Kinne.

A separate hearing must be held to determine the amount of damages as to which the Defendant Kinne is liable to the Plaintiffs. Fed. R. Civ. P. 55(b). At the hearing, the Plaintiffs will be permitted to present evidence regarding the damages they allege they suffered as to which Kinne is liable. *See* Fed. R. Civ. P. 55(b)(2).

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment against the Defendant Matthew Kinne [50] is granted. The Court will defer entering judgment until the Court receives and considers the Plaintiff's evidence on damages against Kinne at an evidentiary hearing. The Court will issue a Notice setting a hearing date regarding the hearing date in the near future.

SO ORDERED, this, __17th__ day of December, 2021.

_____
SENIOR U.S. DISTRICT JUDGE