IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHYJUAN CLAYTON, INDIVIDUALLY, AND
ON BEHALF OF ALL HEIRS-AT-LAW AND
WRONGFUL DEATH BENEFICIARIES OF
DOMINIQUE CLAYTON, DECEASED, AND
THE ESTATE OF DOMINIQUE CLAYTON,
DECEASED                                                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:21-CV-00174-GHD-RP

CITY OF OXFORD, MISSISSIPPI,
POLICE CHIEF JEFF MCCUTCHEN, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND
FORMER POLICE OFFICER MATTHEW KINNE, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND
JOHN AND JANE DOES 1-10                                                                  DEFENDANTS

## ORDER ON DAMAGES AS TO DEFENDANT MATTHEW KINNE

On December 17, 2021, the Court issued an Order granting the Plaintiffs' Motion for Default Judgment against Defendant Matthew Kinne [53], following his conviction in the Circuit Court of Lafayette County, Mississippi, for the Capital Murder of Dominique Clayton [28-1]. On May 24, 2022, the Court cancelled an evidentiary hearing on damages that was scheduled for May 26, 2022, finding that such a hearing was unnecessary in light of the evidence already before the Court [61] and in conjunction with the Court's Order Denying the Plaintiffs' Motion to Continue Damages Hearing [58].

In addressing the matter of damages against Defendant Kinne, the Court—using its thirty years of experience adjudicating similar matters and calculating amounts to award in damages—considers the lengthy affidavit of Plaintiff Shyjuan Clayton [59] and the factual basis that was utilized in Defendant Kinne's plea colloquy in the Circuit Court of Lafayette County, Mississippi. A certified transcript of the guilty plea hearing in that Court is attached to this

Order as Exhibit 1. The plea colloquy clearly reveals that Defendant Kinne's actions on the night of May 19, 2019, were intentional, wanton, willful, and reckless. Accordingly, punitive damages are appropriate. See *Smith v. Wade*, 461 U.S. 30, 56 (1983) (holding that "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others," even in cases in which "the underlying standard of liability for compensatory damages is one of recklessness").

The Court finds that Defendant Kinne is liable for compensatory damages in the amount of $1,200,000. In arriving at this figure, the Court awards $300,000 to each of the surviving children of the Decedent, for a total of $1,200,000. As noted above, punitive damages are also warranted in the case *sub judice*, because of the intentional, wanton, willful, and reckless nature of Defendant Kinne's actions against the Decedent. According, the Court awards punitive damages in the amount of $1,000,000. Judgment is thus granted in the aggregate amount of $2,200,000, all of which execution may be issued as provided by law.

SO ORDERED, this the 26th day of May, 2022.

_____
SENIOR U.S. DISTRICT JUDGE