**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

SHYJUAN CLAYTON, INDIVIDUALLY, AND
ON BEHALF OF ALL HEIRS-AT-LAW AND
WRONGFUL DEATH BENEFICIARIES OF
DOMINIQUE CLAYTON, DECEASED, AND
THE ESTATE OF DOMINIQUE CLAYTON,
DECEASED                                                                                               **PLAINTIFF**

v.                                              CIVIL ACTION NO. 3:21-CV-00174-GHD-RP

CITY OF OXFORD, MISSISSIPPI,
POLICE CHIEF JEFF MCCUTCHEN, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND
FORMER POLICE OFFICER MATTHEW KINNE, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND
JOHN AND JANE DOES 1-10                                              **DEFENDANTS**

**OPINION GRANTING DEFENDANTS CITY OF OXFORD, MISSISSIPPI,
AND POLICE CHIEF JEFF MCCUTCHEN'S MOTION TO DISMISS**

Presently before the Court is the Motion to Dismiss or Alternatively, for Summary Judgment filed by Defendants City of Oxford, Mississippi, and Police Chief Jeff McCutchen (herein "the Municipal Defendants") [28], in response to Plaintiffs Shyjuan Clayton—individually and on behalf of the heirs-at-law and wrongful death beneficiaries of Dominique Clayton, deceased [1 at 1]—and the Estate of Dominique Clayton's Complaint [1], alleging violations of the deceased's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983 [1 at ¶¶ 53-56; 65-71] and claiming that the Defendants are liable to the Plaintiffs under theories of negligence [1 at ¶¶ 57-64; 79-80], an allegation of a failure to intervene [1 at ¶¶ 72-78], an allegation of reckless disregard made actionable under the Mississippi Tort Claims Act [1 at ¶¶ 81-84]; and a claim of a wrongful death made actionable under Mississippi state law [1 at ¶¶ 85-86]. For the reasons stated herein, the Municipal Defendants' Motion to Dismiss is granted.

1

### I.     Factual and Procedural Background

Plaintiff Shyjuan Clayton is a resident of Oxford, Mississippi, and brings this action on her own behalf and on behalf of the heirs and wrongful death beneficiaries of Dominique Clayton, who died during the events at the heart of this proceeding [1 at ¶ 1, 8]. Dominique Clayton's Estate is the second Plaintiff in the case *sub judice* [1 at 1]. Defendant City of Oxford, Mississippi, is a governmental entity located in the Northern District of Mississippi. Defendants John and Jane Does 1-10 are believed to be employees of the City of Oxford [1 at ¶ 5]. The City operates the Oxford Police Department. Defendant Jeff McCutchen is the chief of the Oxford Police Department; he resides in Lafayette County, Mississippi [1 at ¶ 3]. Defendant Matthew Kinne was, during the events at the heart of this proceeding, an officer employed by the Oxford Police Department [1 at ¶ 4]. Prior to his employment with the Oxford Police Department, Defendant Kinne was employed by the Olive Branch, Mississippi, Police Department [29 at 2, n. 3].

Defendant Kinne was engaged in an extramarital affair with the Decedent, Dominique Clayton [1 at ¶ 22; 29 at 2]. During the early hours of May 19, 2019, Defendant Kinne, who was then employed as an officer for the Oxford Police Department, conducted a welfare check on the Decedent [1 at ¶¶ 8-9]. At that time, Defendant Kinne killed the Decedent by shooting her in the head [*Id.*].

On July 30, 2021, Defendant Kinne pled guilty in the Circuit Court of Lafayette County, Mississippi, to the felony offense of Capital Murder [28-1]. He was sentenced to serve the remainder of his life in the custody of the Mississippi Department of Corrections, without the possibility of parole, probation, or any other form of early release [*Id.*].

The Plaintiffs filed their Complaint on August 5, 2021 [1]. In it, they allege that Defendant Kinne's former wife also died under suspicious circumstances, and that this event occurred while

Defendant Kinne was employed by the Olive Branch Police Department [1 at ¶¶ 10-11]. The Plaintiffs allege that although Defendant Kinne was initially determined to be a person of interest in the death of his former wife, the relevant authorities ultimately concluded that she committed suicide [1 at ¶¶ 12-13]. They further allege that the Olive Branch Police Department conducted an internal investigation into the matter, and then told Defendant Kinne that his employment with that agency would be terminated if he did not resign [1 at ¶ 14]. Similarly, the Plaintiffs allege that although Defendant Kinne was never formally charged with the murder of his former wife, he did resign from his employment with the Olive Branch Police Department and subsequently found employment with the Oxford Police Department [1 at ¶¶ 14-15].

The Plaintiffs further allege that the Oxford Police Department reviewed Defendant Kinne's personnel file from his employment tenure with the Olive Branch Police Department, and that through the review of Defendant Kinne's personnel file, the Oxford Police Department learned that Defendant Kinne was forced to resign because of the Olive Branch Police Department's "investigation and determinations pertaining to the suspicious death of Defendant Officer Kinne's then-wife" [1 at ¶¶ 17-18].

They likewise allege that Defendant Kinne "and his supporters, including but not limited to Officer Darren Gibbs, began to spread the story that [the] Decedent's death was a suicide" and that their actions pertaining to the death of the Decedent mirror the events surrounding the allegedly suspicious death of Defendant Kinne's former wife [1 at ¶ 49]. The Plaintiffs further allege that Defendant Kinne "had prior histories of using excessive force which Defendant City of Oxford and Chief McCutchen knew or should have known" [1 at ¶ 61]. In sum, the Plaintiffs allege (1) that Defendant Kinne "was forced to resign from a previous law enforcement agency as a result of an investigation conducted by that agency related to the suspicious death of his then-

3

wife;" (2) that Defendant City of Oxford knew about Defendant Kinne's resignation and the reasons for said resignation; and (3) that Defendant City of Oxford was therefore "fully aware that there was a likelihood that Defendant Officer Kinne would violate the constitutional rights of another at the time of his hiring" [1 at ¶ 62].

Based principally on these allegations and Defendant Kinne's murder of the Decedent, the Plaintiffs articulate seven causes of action: Excessive Force Under 42 U.S.C. § 1983 [1 at ¶¶ 53-56]; Negligent Training, Supervision and Retention as to Defendant City of Oxford and Chief McCutchen [1 at ¶¶ 57-64]; Supervisory Liability Under 42 U.S.C. § 1983 [1 at ¶¶ 65-71]; Failure to Intervene — Defendant Chief McCutchen and John and Jane Does 1-10 [1 at ¶¶ 72-78]; Negligence of Defendant Officer Kinne [1 at ¶¶ 79-80]; Mississippi Tort Claims Act — Reckless Disregard [1 at ¶¶ 81-84]; and Wrongful Death Under Mississippi State Law [1 at ¶¶ 85-86].

As to Defendant Kinne, on October 27, 2021, the Plaintiffs filed a Motion for Default Judgment against him [50]. On December 17, 2021, the Court granted the motion, and issued an Order to that effect [53].

On May 26th, 2022, the Court issued an Order on Damages as to Defendant Kinne in which it awarded the Plaintiffs an aggregate amount of $2,200,000, comprising $1,200,000 in compensatory damages and $1,000,000 in punitive damages [64].

However, unlike Defendant Kinne, the Municipal Defendants have been active participants in the proceedings *sub judice*. In Response to the Complaint, the Municipal Defendants filed on September 13, 2021, their Motion to Dismiss, or Alternatively, for Summary Judgment [28] and its corresponding Memorandum in Support [29] and Exhibits [28-1; 28-2; 28-3; 28-4; and 28-5]. In these documents, the Municipal Defendants demonstrated that the Plaintiffs' key allegations and statements of fact are false. Specifically, they showed that the Plaintiffs falsely stated that

4

Defendant Kinne's former wife died a suspicious death prior to the murder of the Decedent [29 at 4]. The Municipal Defendants showed that Defendant Kinne's former wife, Amy Michelle Kinne, was alive on August 6, 2020, when she signed an Affidavit and Petition for Modification of Custody and Tax Deduction Status, over a year after Defendant Kinne murdered the Decedent [28-2; 28-3]. To the best of the Court's knowledge, the said former wife is alive today. Regardless, since there was no suspicious death of Kinne's former wife prior to the murder, there could not be any similarities between this fictional event and the real-world murder of the Decedent. Thus, since the "suspicious death" of Defendant Kinne's former wife did not actually happen, the Municipal Defendants could not have been aware of it and therefore could not have had knowledge that Defendant Kinne would commit murder.

The Municipal Defendants also argued in their Motion that the Plaintiffs made another false statement of fact when they stated that Defendant McCutchen "was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the aforementioned police officer" [1 at ¶ 51] and that Defendant McCutchen "was assigned to supervise and control the actions of the named City of OPD employees including Officer Kinne" [1 at ¶ 66]. The Municipal Defendants noted that Defendant McCutchen did not become the Oxford Chief of Police until January 6, 2020, months after the murder of the Decedent, although he served as the city's interim chief of police for ten months prior to his promotion to the chief of police role[1] [29 at 3].

On October 15, 2021, the Plaintiffs filed their Response in Opposition to Defendant City of Oxford, Mississippi, and Defendant McCutchen's Motion to Dismiss [44] and its corresponding

---

[1] The Court takes judicial notice of this fact. See Jake Thompson, *"Serve With Love and Compassion": Jeff McCutchen Sworn in as Oxford's Chief of Police*, OXFORD EAGLE (Jan. 6, 2020, 5:22 PM), https://www.oxfordeagle.com/2020/01/06/serve-with-love-and-compassion-jeff-mccutchen-sworn-in-as-oxfords-chief-of-police/.

5

Memorandum in Support [45]. In it, the Plaintiffs altered the substance of the allegations that they presented in their Complaint. They obliquely acknowledged that Defendant Kinne's former wife was not killed prior to the murder of the Decedent, and instead argued that there was a third, unspecified woman who died prior to the murder and with whose death Defendant Kinne may have been involved [45 at 3]. They claimed that "it is believed that Officer Kinne was forced to resign from the City of Olive Branch Police Department due to suspicious circumstances surrounding the death of a woman he may have been involved with." They did not provide any further details about this woman or the events surrounding the resignation of Defendant Kinne from the Olive Branch Police Department. Rather, they reaffirmed their unspecified beliefs that "[w]hile Plaintiffs recently have been made aware that the person in question was not Officer Kinne's ex-wife, it is Plaintiffs' belief that nonetheless such an investigation did occur regarding Mr. Kinne and someone he may have been involved with" [*Id.*]. Based on this theory speculating that suspicious circumstances surrounded Defendant Kinne's resignation from the Olive Branch Police Department, the Plaintiffs reiterated their claim that "[f]ollowing what Plaintiffs believed to be Officer Kinne's forced resignation related to the incident described above…the City of Oxford knew or should have known of the suspicious circumstances surrounding the resignation of Kinne from Olive Branch, yet hired him anyway" [*Id.*]. Through these claims, the Plaintiffs argued that they have properly pled a *Monell* claim under 42 U.S.C. § 1983 against Defendant City of Oxford [*Id.* at 5]. See *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Specifically, the Plaintiffs argued that their *Monell* claim stems from the Municipal Defendants' alleged failure to adequately evaluate Defendant Kinne before hiring him [*Id.* at 5-10], and that this claim is premised on a "single-incident exception" to the regular rules related to *Monell* cases [*Id.* at 9].

6

However, the Plaintiffs conceded that their causes of action for Supervisory Liability and Failure to Intervene should be dismissed [*Id.* at 8-9]. The Plaintiffs also conceded that Defendant McCutchen was not the proper defendant for this suit, and instead argued that the correct defendant for this proceeding should be the former Oxford police chief [*Id*. at 11]. Furthermore, they conceded that their claims under the Mississippi Tort Claims Act against Defendant City of Oxford should be dismissed because the Defendant has not waived its sovereign immunity [*Id.*]. Thus, there are no further claims in dispute against Defendant McCutchen, and the only remaining claim against Defendant City of Oxford is the Plaintiffs' *Monell* claim under § 1983 related to Defendant City of Oxford's hiring of Defendant Kinne.

On October 28, 2021, Defendants McCutchen and City of Oxford filed their Reply Memorandum in Support of their Motion to Dismiss Or, in the Alternative, for Summary Judgment [51]. In it, they reiterated their position that the Plaintiffs' claim against Defendant City of Oxford under § 1983 should be dismissed [*Id.*].

The matter is now ready for review.

## II.  Legal Standards

### A. Dismissal Under Rule 12(b)6

When considering a Rule 12(b)(6) claim, the Court is limited by the allegations in the complaint itself, along with any documents attached to the complaint. *Walker v. Webco Indus.*, Inc., 562 Fed.App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The complaint must contain facts that, if accepted as true, would support a claim for relief that is facially plausible. *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A claim is facially plausible when the facts

underlying the claim allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Webb v. Morella*, 522 Fed.App'x 238, 241 (5th Cir. 2013) (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). Dismissal is warranted when a plaintiff fails to present sufficient facts to support the elements of the causes of actions articulated in the complaint, and has thereby failed to advance their complaint beyond mere speculation. *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (citing *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). "Factual allegations that are 'merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief,' and thus are inadequate." *Walker v. Beaumont Independent School District*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).

### III. <u>Analysis</u>

As noted above, the Plaintiffs have admitted that Defendant McCutchen was not the proper party for this litigation, and thereby conceded all of their claims against him [45 at 11]. Similarly, the Plaintiffs have conceded all of their claims against Defendant City of Oxford, save one: a *Monell* claim under 42 U.S.C. § 1983 allegedly arising from the hiring of Defendant Kinne [45 at 5; 8-9]. In the Complaint, this claim is founded on a theory related to the "suspicious death of Defendant Officer Kinne's then-wife" [1 at ¶ 18]. However, the Defendants have since disproven this theory and shown that Defendant Kinne's former wife was alive in 2020, long after Defendant Kinne murdered the Decedent in 2019 [28-2; 28-3]. The Plaintiffs themselves have conceded that this theory is not true [45 at 3]. Thus, this theory cannot be viewed as a fact for the purposes of

8

this proceeding, since it has been established as categorically untrue. For this reason, the Plaintiffs' Complaint fails to present sufficient facts to support a plausible claim. Consequently, granting the Municipal Defendants' Motion to Dismiss is warranted.

The Plaintiffs have also mentioned in their Memorandum in Support of Their Response that they would like to be afforded the opportunity to amend their Complaint [45 at 11-12]. However, this unofficial request fails to comply with the Local Uniform Civil Rules. These Rules clearly state that "[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed" by these Rules. N.D. & S.D. Miss. L. U. Civ. R. 7(b). Furthermore, "[a] response to a motion may not include a counter-motion in the same document" and "[a]ny motion must be an item docketed separately from a response." N.D. & S.D. Miss. L. U. Civ. R. 7(b)(3)(C). Since this unofficial request is insufficient under this Court's Local Rules, it will be disregarded. See *Hill v. Cobb*, 2014 WL 3810226, at *1, n. 1 (N.D. Miss. Aug. 1 2014) (citing *Blackard v. City of Southaven*, 2012 WL 827192, at *3 (N.D. Miss. Mar. 9, 2012)).

The Defendants allude to a desire to include in any amended complaint their updated theory, as expressed in their Memorandum in Support of Their Response, that: (1) some other unspecified woman died under suspicious circumstances during the time in which Defendant Kinne worked at the Olive Branch Police Department; (2) that Defendant Kinne was involved with said woman; (3) that an investigation into her death was performed by the Olive Branch Police Department; (4) that Defendant Kinne was forced to resign from his post at the Olive Branch Police Department because of this investigation into the death of this as-yet-unknown woman; (5) and that, before hiring Defendant Kinne, the City of Oxford should have known about these circumstances surrounding Defendant Kinne's resignation from the Olive Branch Police

9

Department [45 at 3]. However, the Court notes that this string of suppositions, standing on its own, is devoid of specific facts that would cause any complaint to cross the line separating possibility and plausibility, and would thus be inadequate to support a viable complaint. See *Walker*, 938 F.3d at 735.

### IV. Conclusion

For the above-stated reasons, the Court finds that the Plaintiffs have failed to present sufficient facts to support a plausible claim against the Municipal Defendants. The Plaintiffs have conceded that Defendant McCutchen was not an appropriate defendant in this proceedings, and so the claims against him shall be dismissed with prejudice. Similarly, the Plaintiffs have conceded all of their claims against Defendant City of Oxford except for their *Monell* claim under 42 U.S.C. § 1983. Thus, all of their claims against Defendant City of Oxford shall be dismissed with prejudice except for their 42 U.S.C. § 1983 claim, which shall be dismissed without prejudice. The Court notes that—through this Opinion and the Order of Damages as to Defendant Kinne [64]— all claims against all named Defendants have now been addressed by the Court, and that consequently this case should be closed. Returning to the matter at hand, the Court finds that the Municipal Defendants' Motion to Dismiss [28] is well-taken, and shall be GRANTED.

An Order in accordance with this Opinion shall issue this day.

THIS, the __31st__ day of May, 2022.

_____
SENIOR U.S. DISTRICT JUDGE